UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:06-00200-10 |
| ) | JUDGE ECHOLS |
| SEBASTIAN GONZALEZ ) | |
| ) | |

## ORDER

Defendant Sebastian Gonzalez filed a Motion To Modify Or Reduce Federal Sentence Pursuant To 18 U.S.C. § 3582(c)(2) & U.S.S.G. § 2S1.1(a) & (b) and § 3B1.2(a) & (b) (Docket Entry No. 210), to which the Government filed a response in opposition (Docket Entry No. 211), and Gonzalez filed a reply (Docket Entry No. 212).

Gonzalez entered a guilty plea to Count Two of the Indictment (Docket Entry No. 12), which charged him with money laundering under 18 U.S.C. § 1956(h). At sentencing, the Court set a total offense level of 25 and a criminal history category of I, which resulted in a guideline range of 57-71 months. After considering the sentencing factors under 18 U.S.C. § 3553(a), the Court imposed a sentence of 60 months of imprisonment. Gonzalez now asks the Court to reconsider its guideline calculation and lower the total offense level.

The authority of a district court to re-sentence a defendant is limited by statute, and a district court is expressly prohibited from modifying a sentence except under those conditions set by Congress. United States v. Johnson, 564 F.3d 419, 421 (6th Cir. 2009). Through enactment of 18 U.S.C. § 3582(c)(2), Congress granted the district court discretion to reduce a sentence based upon a change in the Sentencing Guidelines affecting a defendant's sentencing range. Id.

1

Gonzalez has not identified any change in the applicable Sentencing Guidelines that affect his guideline sentencing range. Rather, Gonzalez simply disagrees with the guideline calculation utilized by the Court at sentencing. Based on the facts as Gonzalez now claims them to be, Gonzalez tries to show how the guideline range could have been lower if certain guideline provisions had not been applied or if certain other provisions had been applied. Such an approach to re-sentencing does not fall within the limited authority Congress granted to the district court in § 3582(c)(2).

Accordingly, Gonzalez's motion (Docket Entry No. 210) is hereby DENIED.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE